# IN THE SUPREME COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | NO. 719 |
| | : | |
| PENNSYLVANIA CONTINUING | : | SUPREME COURT RULES |
| JUDICIAL EDUCATION | : | |
| | : | DOCKET |
| | : | |
| | : | |

## ORDER

**PER CURIAM:**

**AND NOW**, this 9th day of December, 2016, a continuing judicial education program is hereby established on the following terms:

**Section 1.  Overview**

(a) **General Requirement.**  As of January 1, 2017, commissioned judges serving the Philadelphia Municipal Court, the Courts of Common Pleas, the Commonwealth Court of Pennsylvania, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania and certified senior judges must complete a program of continuing judicial education.

(b) **Exceptions and Exemptions.**  There shall be no exceptions to or exemptions from this requirement, except in limited instances with approval of the Continuing Judicial Education Board of Judges established below.

**Section 2.  General**

(a) **Purpose.**  The continuing judicial education program is adopted to assure that judicial officers continue their education to have and maintain the requisite knowledge and skill to fulfill their judicial responsibilities.

**(b) Definitions.** The following words and phrases, when used in these rules, shall have, unless the context clearly indicates otherwise, the following meanings:

**"Alternative Education Activity."** A learning opportunity which is not otherwise specifically addressed herein, but which harmonizes with the scope and purposes of this order.

**"Board."** The Continuing Judicial Education Board of Judges established by this order.

**"CJE."** Continuing judicial education to be provided under this order.

**"Judge."** A commissioned jurist in the Commonwealth Unified Judicial System who is a Justice of the Supreme Court of Pennsylvania, a judge of an intermediate appellate court, a judge of a court of common pleas, or a judge of the Philadelphia Municipal Court. The term also includes certified senior judges.

**Section 3. Continuing Judicial Education Board of Judges**

**(a) Establishment.** The Supreme Court hereby establishes the Continuing Judicial Education Board of Judges.

**(b) Purpose.** The primary purpose of the Board is to guide development and delivery of continuing judicial education to Judges serving the Commonwealth's Unified Judicial System.

**(c) Composition.**

**(i) Membership.** The Board shall consist of twelve (12) members appointed by the Supreme Court. Eight (8) shall be jurists serving one of the Commonwealth's courts governed by this rule.

**(ii) Chair and Vice Chair.** The Supreme Court shall appoint from the members of the Board a chair and a vice chair.

**(iii) Other Officers and Committees.** The Board may designate such other officers and form such other committees as it deems appropriate.

**(d) Term of Board Members.**

**(i) Regular Terms.** The regular term of members of the Board shall be for three (3) years, and no member may serve for more than two (2) consecutive three (3) year terms.

**(ii) Initial Terms.** The terms of the first Board shall be staggered so that four (4) members shall be appointed for three (3) year terms, four (4) members for two (2) year terms, and four (4) members for one (1) year terms.

**(e) Action by the Board.** Seven (7) Board members shall constitute a quorum. The Board shall act only with the concurrence of not less than seven (7) Board members. The Board may adopt rules providing for the holding of teleconference meetings.

**(f) Responsibilities of the Board.**

**(i) Accreditation Decisions.** The Board shall make accreditation decisions consistent with the purpose and standards set forth.

**(ii) Noncompliance Appeals.** The Board shall hear and decide noncompliance appeals.

**(iii) Waiver, Extension, Deferment.** The Board shall hear and decide requests from Judges for waiver, extension, or deferment from the requirements set forth.

**(iv) Incidental Responsibilities.** The Board shall undertake all incidental tasks attendant to the above, including affording essential notices and recordkeeping activities.

**(v) Pennsylvania Rules for Continuing Judicial Education.** The Board shall prepare a set of rules governing continuing judicial education for review and approval by the Supreme Court, to replace this order.

3

**(g) Compensation and Expenses.** Board members shall receive no compensation for services provided under these rules, but they shall be reimbursed by the Board for their reasonable and necessary expenses in attendance at meetings and in otherwise fulfilling their responsibilities.

**(h) Immunity.** The Board, and its members, employees and agents are immune from all civil liability for conduct and communications occurring in the performance of their official duties relating to the administration of the continuing judicial education requirements.

**Section 4. Minimum Continuing Judicial Education Requirements**

**(a) General Requirement.** Commencing January 1, 2017, every Judge, annually, shall complete a minimum of three (3) hours of continuing education in judicial ethics and a minimum of nine (9) hours of continuing education in judicial practice and related areas as defined by the Board.

**(b) Fulfillment.**

**(i) Course Attendance and Alternatives.** The CJE requirement shall be fulfilled by attending the required number of CJE courses delivered by the Administrative Office of Pennsylvania Courts' Judicial Education Department or accredited providers, or by completing a CJE activity approved by the Board as sufficient to meet the CJE general requirement.

**(ii) Courses Offered by the Judicial Education Department.** Four (4) of the annual CJE requirement shall be earned through courses offered by the Administrative Office of Pennsylvania Courts' Judicial Education Department. This requirement shall be waived for 2017.

**(iii) Distance Learning Courses.** Four (4) of the annual CJE requirement may be earned through approved computer-based or distance education courses.

**(iv) Teaching or Alternative Educational Activity.** Four (4) of the annual CJE requirement may be earned through Board approved teaching or alternative education activities.

**(c) Newly Elected or Appointed Judges.** Every newly elected or appointed Judge serving the Commonwealth's Courts of Common Pleas and the Philadelphia Municipal Court shall attend New Judge School administered by the Administrative Office of Pennsylvania Courts' Judicial Education Department in its entirety at his or her first opportunity. This requirement shall be in addition to the annual CJE requirements described herein.

**Section 5. Waivers, Extensions and Deferrals**

**(a) Waiver.** The Board may waive the CJE requirements for a period of not more than one (1) year upon a finding by the Board of undue hardship or circumstances beyond the control of the Judge which prevent him or her from complying in any reasonable manner with the CJE requirement.

**(b) Extensions of Waivers.** A waiver may be extended upon application to the Board and Board approval. Upon termination of the waiver, the Board may make such additional CJE requirements as it deems appropriate.

**(c) Deferrals.** Deferment is available to any Judge eligible for senior status but not so certified. Upon senior judge certification, the Judge shall complete the CJE requirement by the deadline of the current year and will have until the following compliance deadline to complete the standard requirement plus the deferred CJE requirements, not to exceed two (2) times the current annual requirement.

**(d) Members of the Armed Forces.**

**(i) Waiver.** Upon written request, the CJE requirement will be waived in their entirety for any compliance period in which members of the Armed Forces serve on active duty.

**(ii) Termination of Active Duty.** Within thirty (30) days after termination of active duty, the Judge must notify the Board and will be required to comply with CJE requirements for the forthcoming year.

**Section 6.  Standards for Approved CJE Activities**

(a)  **General Standards.**  All CJE activities approved for credit shall meet the following standards:

1.  The activity shall have significant intellectual or practical content, the primary objective of which is to improve a Judge's professional competence and ethical behavior.

2.  The activity shall be an organized program of learning to deal with matters directly related to subjects that satisfy the objectives of these rules.

3.  Each CJE activity shall be open to all Judges interested in the subject matter and there shall be no attendance restrictions, except as may be permitted by the Board, upon application from a provider, where:

> attendance is restricted based on objective criteria for a bona fide educational objective to enhance the CJE activity; or

> membership in the provider organization is open to all interested Judges, on reasonable non-discriminatory basis and cost.

4.  The program leaders or lecturers shall be qualified with the practical and/or academic experience necessary to conduct the program effectively.

5.  Each attendee shall be provided with thorough, high quality and carefully prepared written course materials before or at the time of the activity. Although written materials may not be appropriate to all courses, they are expected to be utilized whenever possible.

6.  The course or activity must be presented in a suitable setting to create a positive educational environment.

7.  The Board will take into consideration the special needs of disabled and incapacitated Judges in gaining access to and participation in CJE activities.  The Board shall require providers to make reasonable accommodations for disabled and incapacitated Judges.

**(b) Distance Education.** Distance learning courses -- including computer-based and teleconference programs -- may be approved for credit provided that they meet interactive, technical and accreditation standards set forth by the Board, as well as the following terms and conditions:

1. Seminars viewed at remote sites by electronic transmission, will receive credit if a moderator is present and interaction available.

2. Only distance learning courses pre-approved for credit or conducted by accredited providers may be taken for credit.

3. Courses must provide mechanisms to ensure interactivity.

**Section 7. Credit for CJE Activities**

**(a) Accreditation or Approval.** Credit will be given only for completion of CJE activities which are accredited or approved by the Board.

**(b) Course Length.** No course of instruction less than sixty (60) minutes shall be considered eligible for CJE credit.

**(c) Credit.** One (1) hour of credit will be awarded for each sixty (60) minutes of instruction.

**(d) Credit Increments.** Credit will be recorded in thirty (30) minute increments beyond the first sixty (60) minutes. One-half hour credit shall be awarded for courses scheduled at least thirty (30) minutes but less than sixty (60) minutes beyond the initial sixty (60) minutes and for each half hour scheduled thereafter.

**(e) Approval of CJE Activities Conducted by Non-accredited Providers, Alternative Education Activities, and Teaching Activities.**

**(i) General Statement.** Courses offered by a provider which is not an accredited continuing judicial education provider, Alternative Education Activities, and teaching activities which harmonize with the scope and purposes of this order may qualify for CJE credit, subject to the following terms and conditions:

**(ii) Individual Approval Required.** All CJE activities conducted by a provider which has not been accredited by the Board, alternative education activities and teaching activities must be individually approved by the Board for credit.

**(iii) Requests for Approval.** A Judge should request Board approval for continuing judicial education activities conducted by a non-accredited provider, alternative education activities, or teaching activities sixty (60) days prior to the activity, but in all events a Judge must request such approval no more than thirty (30) days after completing the activity in order for the request to be considered.

**(iv) Form of Application.** The application shall be in the form and with such documentation required by the Board.

**(v) Additional Information.** Upon request by the Board, the applicant shall submit to the Board information concerning the course or activity, including the brochure describing the activity and the qualifications of anticipated speakers, the method or manner of presentation of materials, and, if requested, a set of the materials.

**(vi) Courses Pertaining to Non-Judicial Subjects.** If a course does not bear entirely on judicial ethics or judicial practice, or the method of presenting the course is below minimum standards, the Board may determine that such course is entitled to no credit or may assign such partial credit as it deems appropriate.

**(vii) Teaching Activities.** The following additional terms and conditions apply to credit for teaching activities:

> 1. Credit will be given on the basis of two hours credit for each hour of presentation where the applicant has prepared quality written materials for use in the presentation.

2. Credit for repeat presentations or presentations without such written materials will be given only for the actual time of presentation.

**(f) Excess Credits for Judicial Ethics.** CJE credits for judicial ethics in excess of the annual requirement may be applied toward remaining annual CJE requirements.

**(g) Carry Forward Credits.** A Judge may carry forward a balance of credit hours in excess of the current annual CJE requirement -- including satellite, computer based and distance learning credits, which shall retain their character as such -- for the succeeding reporting year, subject to the following terms and conditions.

**(i) Credit Limitation.** No more than one (1) times the current annual CJE requirement may be carried forward into the succeeding reporting year.

**(ii) Time Limitation.** No CJE credit may be carried forward more than one (1) succeeding reporting year.

**(iii) Credit Attributes.** Carry forward credits retain the same attributes (judicial ethics, distance learning, etc.) which they would have had if used in the year in which they were earned.

**(h) Local Education Activities**

**(i) Approval.** Local education activities will be subject to approval by the Board for credit upon submission of appropriate documentation.

**(ii) Accreditation.** Local education programs may be accredited by the Board according to the standards set forth and upon submission of appropriate documentation.

**(i) Teleconferences, Electronic Presentations and Distance Learning Programs.** Computer based and distance learning programs may be approved for CJE credit providing they meet interactive, technical and accreditation standards

set forth by the Board. Seminars viewed at remote sites by electronic transmission will receive credit if a moderator is present or available for interaction.

**(j)   Law School and Graduate Level Courses.**   Law school and graduate school courses may qualify for CJE credit, computed in accordance with these standards, subject to the following terms and conditions:

1.   Courses must otherwise qualify for credit, and the law school or graduate level courses in question cannot be required to qualify for the awarding of a basic degree.

2.   Courses offered towards graduate or advance degrees may receive credit, upon submission of appropriate documentation to the Board.

3.   One (1) hour of CJE credit may be given for each approved graduate credit hour awarded by the school (or the non-credit equivalent).

4.   The school offering the course shall be a law school accredited by the American Bar Association or college or university accredited by the Middle States Commission on Higher Education or other regional equivalent.

**(k)   Self-Study.**   Self-study will not be approved for credit.

**Section 8.  Accreditation of Continuing Judicial Education Providers**

**(a)   Application.**   Application may be made for accreditation as an Accredited Continuing Judicial Education Provider by submitting the appropriate form to the Board.

**(b)   Evaluations.**   The provider shall develop and implement methods to evaluate its course offerings to determine their effectiveness and the extent to which they meet the needs of Judges and, upon a request from the Board, provide course evaluations by the attendees on such forms as the Board shall approve.

**(c) Period of Accreditation.**

    **(i) General Rule.** The grant of accreditation shall be effective for a period of two (2) years from date of the grant.

    **(ii) Continuation of Accreditation.** The accreditation may be continued for an additional two (2) year period by application with the Board before the end of the provider's accreditation period.

    **(iii) Status Pending Action on Application for Continuation.** If an application for continuation is timely filed, the accredited status shall continue until the Board acts on the application for continuation.

    **(d) Conditional Accreditation.** The Board shall determine if there are pending or past breaches of these rules, and the Board, at its discretion, may condition continuation upon the provider meeting additional requirements specified by the Board.

    **(e) Termination.** If an application for continuation is not filed before the end of the provider's accreditation period, the provider's accredited status will terminate at the end of the period. Any application received thereafter shall be considered by the Board as an initial application for accredited provider status.

    **(f) Revocation.** Accredited Continuing Judicial Education Provider status may be revoked by the Board if the requirements of the Board are not met or if, upon review of the provider's performance, the Board determines that content of the course material or the quality of the CJE activities or provider's performance does not meet the standards set forth in the rules and these regulations.

**Section 9. Standards for Accredited Continuing Judicial Education Provider Status**

    Accredited Continuing Judicial Education Provider status may be granted at the discretion of the Board to applicants satisfying one of the following requirements:

1.	The provider has presented, within the past two (2) years, five (5) separate programs of CJE which meet the standards of quality set forth in these rules;

2.	The provider has demonstrated to the Board that its CJE activities have consistently met the standards of quality set forth in the rules and these regulations; or

3.	The provider is an American Bar Association accredited law school.

**Section 10.  Accreditation of a Single Course or CJE Activity by a Provider**

A provider of CJE activities which has not qualified as an Accredited Continuing Judicial Education Provider may apply for accreditation of a single CJE activity in a form provided by the Board, subject to the following terms and conditions:

1.	The Board may require submission of a detailed description of the provider, the course, the course materials and the lectures.

2.	Application by a provider for accreditation of a single CJE activity should be submitted prior to the date of presentation of the activity. Application for retroactive approval must be made within thirty (30) days of the event or activity.

3.	The CJE activity must meet the standards set forth in the rules and these regulations.

**Section 11.  Reporting**

**(a)	Reporting Responsibility.**  Reporting shall be the responsibility of the individual Judge.

**(b)	Form of Reporting of CJE Activities.**  Judges shall report accredited CJE activities to the Board in fashion approved by the Board.

**(c)	Time for Reporting.**  Judges should report accredited continuing judicial activities within thirty (30) days of completing the activity.

**(d) Annual Compliance Reporting.** All commissioned Judges shall report CJE compliance in writing within thirty (30) days of the end of each calendar year.

**Section 12. Compliance**

**(a) Records.**

**(i) Recordkeeping by the Board.** The Board shall maintain current records of CJE attendance for each Judge to whom the rules and these regulations apply. These records shall be made available as the Board shall determine.

**(ii) Recordkeeping by Judges.** Each active Judge shall maintain records sufficient to establish compliance with the CJE requirement in the event of a dispute.

**(b) Annual Status Notifications.** The Board will notify each Judge of his or her CJE status three (3) months prior to the final day of the calendar year and will provide a final compliance notice within sixty (60) days after the end of the calendar year. The final compliance notice shall include the hours earned during the calendar year which have been reported and carryover hours if present.

**(c) Noncompliance and Compliance Disputes.**

**(i) Notification.** If a Judge shall fail to comply with these rules, or if a Judge is determined by the Board to be deficient in his or her CJE requirement, such Judge shall be so notified in writing by the Board of the nature of such noncompliance and shall be given one hundred eighty (180) days from the date of the notice to remedy such noncompliance.

**(ii) Evidence of Compliance or Hearing Request.** Within thirty (30) days of the date of the notice, the Judge shall either file evidence of compliance or request a hearing.

**(iii) Hearing.** If, in response to the notice of noncompliance, the Judge timely files a request for a hearing, the Board shall schedule a hearing. The hearing shall be held at least ten (10) days after written notice to the Judge.

**(iv) Reasonable Cause for Noncompliance.** If the Board finds that the Judge had reasonable cause for noncompliance, the Judge shall have one hundred eighty (180) days from the date of notice of the Board's decision to correct the noncompliance. If compliance is not achieved within the one hundred eighty (180) day period, the Board shall proceed as provided.

**(v) Report to Judicial Conduct Board.** If a Judge shall fail to remedy non-compliance within one hundred eighty days after the later of the date of the notice of noncompliance or the date of a decision from the Board finding reasonable cause for noncompliance, the Board shall so report to the Judicial Conduct Board for their consideration.

**(d) Crediting Pertaining to Periods of Noncompliance.** Credit hours earned shall be first applied to satisfy the requirements of the compliance period which was the subject of the notice to the Judge before any excess credits earned during the notice period may be applied to subsequent requirements.

## Section 13. Confidentiality

The files, records and proceedings of the Board as they relate to or arise out of any alleged failure of a Judge to satisfy the requirements of the rules or these regulations shall be deemed confidential and shall not be disclosed except in furtherance of the duties of the Board or upon the request of the Judge affected or as they may be introduced in evidence or otherwise produced in proceedings under these regulations.